## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00764-REB-MEH

_____

BARBARA K. BISHOP,

    Plaintiff,

v.

COLORADO SPRINGS SCHOOL DISTRICT 11,
TOM STRAND, in his official capacity,
TOM STRAND, individually,
JAN TANNER, in her official capacity,
JAN TANNER, individually,
JOHN GUDVAGEN, in his official capacity,
JOHN GUDVAGEN, individually
CHARLES BOBBITT, in his official capacity,
CHARLES BOBBITT, individually,
SANDRA MANN, in her official capacity,
SANDRA MANN, individually,
BOB NULL, in his official capacity,
BOB NULL, individually,
TAMI HASLING, in his official capacity,
TAMI HASLING, individually,

    Defendants.

### STIPULATED PROTECTIVE ORDER

    The parties to this action have stipulated and agreed herein that discovery may involve production of confidential, trade secret, or other information which is entitled to protection pursuant to Fed. R. Civ. P. 26(c). In view of this stipulation, the Court finds that good cause exists for issuance of a Protective Order. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1

1. This Stipulated Protective Order (the "Protective Order") governs the handling of specific designated documents, things, and other information obtained during the course of discovery in this proceeding, except for records produced by Defendants under the Family Educational Rights and Privacy Act ("FERPA") ("education records") which require separate treatment in accordance with the provisions of federal law and therefore are governed by a separate protective order entered in this action. All designated confidential information produced or disclosed in the course of discovery in this proceeding shall be used by the parties receiving it solely for the purpose of preparing for and conducting pretrial and trial proceedings in this proceeding, and for no other purpose.

2. As used in this Protective Order, the term "Confidential Information" means information stamped as "Confidential" by a party producing such information (the "Producing Party") or otherwise clearly designated as confidential by a party and which is confidential, trade secret, or other information which is entitled to protection pursuant to Fed. R. Civ. P. 26(c), whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise, in connection with this litigation.

3. A Producing Party may designate any discovery material which is confidential, trade secret, or other information which is entitled to protection pursuant to Fed. R. Civ. P. 26(c), as Confidential Information under the terms of this Protective Order by stamping or otherwise clearly identifying the document, or the affected portion of the document, as "Confidential" at the time of the production of the materials.

4.      "Confidential" discovery material and information derived therefrom shall be produced only to counsel of record for the parties in this proceeding and may be disclosed by such counsel only to the following persons:

a.      The attorneys appearing on behalf of the parties to this proceeding, their respective firms and employees;

b.      Any person expressly retained by any attorney described in subparagraph (a) above or by the parties to assist in the preparation of this litigation, to testify at trial, or for any other purpose in this litigation;

c.      The parties to this litigation and any employee and/or representative designated by a party to act on his, her, or its behalf in connection with this litigation;

d.      Any person who is questioned as a witness in this litigation at a deposition or at trial, but only to the extent that the disclosure takes place in the course of the examination in the presence of opposing counsel;

e.      Any other person whom the Producing Party agrees in writing, or whom the Court directs, should have access to such material; and

f.      The Court and its representatives and employees.

Additionally, a party may disclose material designated as Confidential Information, or information derived therefrom, in response to a lawful subpoena in other litigation, provided that prior to responding to such subpoena a copy of the subpoena shall be provided to counsel for the opposing party as soon as practicable after having been

served with the subpoena, and the opposing counsel is allowed time to seek a protective order.

5. In the event a party seeks to maintain as confidential pursuant to this Protective Order all or a portion of any deposition testimony which qualifies for designation as Confidential Information under the standards set forth in paragraph 2 hereof, such party shall assert such intention in writing no later than 7 business days after receipt of the transcript of the deposition in question. All materials in the deposition transcript will be treated as Confidential Information until the foregoing period has expired; thereafter, only those portions properly designated as confidential will be treated as Confidential Information governed by this Protective Order.

6. If counsel for either party determines to file in or submit to this Court any discovery material designated as Confidential Information, or information derived therefrom, or any papers containing or making reference to the specific content of such material or information, such material, information, or papers may be filed with the Court only upon entry of an order on a motion to restrict access filed in accordance with D.C.COLO.LCivR 7.2.B.

7. Each of the persons listed in paragraph 4 (b), (c), (d), or (e) above who in the course of this litigation is given access to discovery material designated as Confidential Information or information derived therefrom shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

8. Before any person described in paragraph 4 (b), (c), (d), or (e) above is given access to any of the discovery materials designated as Confidential Information, he or she shall be given a signed copy of this Protective Order, and he or she shall sign a statement acknowledging receipt of a copy of this order, consenting to the jurisdiction of this Court, and agreeing to abide by its terms. A copy of the signed statement promptly shall be served on all counsel of record.

9. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced, or (ii) if produced, whether such material properly can be considered Confidential Information which should be subject to the terms of this Protective Order.

10. Within 30 days after the termination of this proceeding, all discovery material designated as Confidential Information and all copies thereof shall be returned to the Producing Party, or such confidential discovery material shall be certified to have been destroyed.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed,

the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. Subject to all proper evidentiary objections, any party may use in depositions and at trial any of the information which has been designated as Confidential pursuant to the terms of this Protective Order; provided that all parties reserve their respective rights to request the Court to take appropriate measures for depositions and at trial to preserve the confidentiality of such information should such party believe that additional measures are necessary or appropriate.

13. This Protective Order shall be entered of record with the Court and have the force and effect of an Order of the Court. It shall continue fully in effect after the termination of this litigation and may be modified only in writing by further order of the Court.

14. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection,

law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, protection, law, or regulation.

15. Nothing in this Protective Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

16. If a party inadvertently produces Confidential Information without the required "Confidential" stamp, the Producing Party shall, within five business days of discovery of the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential Information until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as Confidential Information by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

17. This Protective Order shall not apply to the disclosure of Confidential Information or the information contained therein at the time of trial, through the receipt of Confidential Information into evidence or through the testimony of witnesses, or in any alternative dispute resolution proceeding including arbitration and mediation. The closure of trial proceedings and sealing of the record of a trial involve considerations not

7

presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

18. Except by order of the Court, this Protective Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

19. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated at Denver, Colorado, this 14th day of June, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED TO:

Plaintiff Barbara K. Bishop		s/ Joel W. Cantrick
				Joel W. Cantrick
				Jones & Keller, P.C.
				1999 Broadway, Suite 3150
				Denver, CO 80202


Defendants Colorado Springs
School District 11 et al
				s/ Brent E. Rychener
				Brent E. Rychener
				Deborah S. Menkins
				Bryan Cave HRO
				90 South Cascade Avenue, Suite 1300
				Colorado Springs, CO 80903

9